# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Brian J. Driver, | ) |
|       Plaintiff, | ) |
| | ) Civil Action No. 8:12-cv-03209-JMC |
| v. | ) |
| | ) **ORDER AND OPINION** |
| Carolyn W. Colvin, | ) |
| Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
|       Defendant. | ) |

This matter is before the court for review of the magistrate judge's Report and Recommendation ("Report") (ECF No. 22), filed February 17, 2014, regarding Plaintiff Brian Driver's ("Plaintiff") claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). On November 7, 2012, Plaintiff filed the instant action seeking judicial review of the final decision of the Acting Commissioner of the Social Security Administration ("the Acting Commissioner") pursuant to 42 U.S.C. § 405(g). (ECF No. 1). The magistrate judge recommends that the court affirm the Acting Commissioner's final decision. (ECF No. 22 at 1).

For the reasons set forth below, the court **ACCEPTS** the magistrate judge's Report. The Acting Commissioner's final decision is thereby **AFFIRMED**.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes, upon its own careful review of the record, that the factual summation in the magistrate judge's Report is accurate, and the court adopts this summary as its own. However, a brief recitation of the background in this case is warranted.

Plaintiff filed an initial application for DIB and SSI on January 25, 2006, regarding a disability which he alleged began on November 26, 2002. (Tr. 11; *see also* Tr. 214–18). The

1

Acting Commissioner initially denied Plaintiff's application and denied it again upon reconsideration. (Tr. 186–90, 194–96). On October 24, 2008, Plaintiff had a hearing before an ALJ. (*See* Tr. 62–105). On February 2, 2009, the ALJ found that Plaintiff was not disabled. (Tr. 164–76). Upon Plaintiff's request, the Appeals Council vacated the ALJ's decision and remanded Plaintiff's case to the ALJ for further proceedings.[1] (Tr. 177–79). Prior to his second hearing, Plaintiff submitted a second application for SSI on May 19, 2010, alleging a disability onset date of August 15, 1983. (Tr. 12, *see also* Tr. 229–35). The Acting Commissioner denied Plaintiff's second application initially and upon reconsideration. (Tr. 12).

On January 21, 2011, Plaintiff had a second hearing before the same ALJ which addressed both of his disability applications. (*See* Tr. 106–58). On April 26, 2011, the ALJ issued a second decision finding Plaintiff was not disabled. (Tr. 8–34). As part of his analysis, the ALJ considered at Step Three whether Plaintiff's intellectual impairments met or equaled the listing at 12.05 with respect to mental retardation and found they did not. (Tr. 18, 20, 23–26). As further discussed below, the only issue before the court is whether the ALJ properly concluded at the third step that Plaintiff's mental impairments did not constitute mental retardation.

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) of the Social Security Act to obtain judicial review of the final decision of the Acting Commissioner, denying his claims for DIB and SSI. (ECF No. 1). The magistrate judge reviewed Plaintiff's case and provided the Report to the court. (ECF No. 22). In the Report, the magistrate judge found that

---

[1] The Appeals Council found that the ALJ disregarded Plaintiff's 1993 IQ test results, relying instead on tests performed in 1986 and 1989 which evidenced higher scores. (Tr. 178). The Appeals Council concluded that in light of new IQ test results submitted by Plaintiff's attorney that were consistent with Plaintiff's 1993 scores, a significant question remained as to Plaintiff's intellectual functioning. *Id.* The Appeals Council therefore remanded the case for further consideration. *Id.*

2

the ALJ conducted a proper analysis at Step Three in determining that Plaintiff's intellectual difficulties did not meet or equal the 12.05 listing. *Id.* at 23–26. For that reason, among others, the magistrate judge recommended that the court affirm the final decision of the Acting Commissioner. *Id.* at 1. Plaintiff filed objections to the Report, (ECF No. 28), to which the Acting Commissioner replied, (ECF No. 31).

## STANDARD OF REVIEW

The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this

it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

Plaintiff contends that the ALJ erred at Step Three by not finding Plaintiff met or equaled the listed impairment for mental retardation, Listing 12.05. (ECF No. 28-1 at 4). Plaintiff argues that the ALJ's decision to discount Plaintiff's later IQ scores, which indicated mental retardation, and to instead rely upon Plaintiff's earliest IQ test, for which Plaintiff scored above the mental retardation range, was not supported by substantial evidence. *Id.*

Listing 12.05 requires Plaintiff to demonstrate that he possesses "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested…before age 22." 20 C.F.R. Pt. 404, Subpt. P., App'x 1, § 12.05. Under Requirement C of the listing, Plaintiff must also show a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id.* The record in Plaintiff's case contained five different IQ tests dated from 1986 until 2010. (*See* Tr. 25). Plaintiff scored 75 on a WISC-R[2] test administered in November 1986; 73 on a WISC-R from November 1989; 64 on a WISC-III[3] given in November 1993; 67 on a WAIS-R[4] administered on April 10, 2009; and 63 on a WAIS-IV[5] given on

---

[2] Wechsler Intelligence Scale for Children, Revised Edition.
[3] Wechsler Intelligence Scale for Children, Third Edition.
[4] Wechsler Adult Intelligence Scale, Revised Edition.

4

October 26, 2010.[6]  *Id.*  The ALJ credited Plaintiff's 1986 score, and consequently found that Plaintiff did not meet Requirement C of the listing.  *Id.*

The ALJ relied upon the testimony of medical expert Dr. Alfred G. Jonas in deciding to discount Plaintiff's later IQ scores.  (*See* Tr. 25–26).  Dr. Jonas opined that higher IQs are always considered correct unless a person has encountered some circumstance that would lower their IQ.  (Tr. 25).  Dr. Jonas asserted that no evidence of such a circumstance was present in the record.  (Tr. 26).  The ALJ explained there was evidence in the record that Plaintiff may have been malingering with regard to his mental retardation.  (Tr. 25–26) (citing two consultative examinations for which Plaintiff scored lower than the acceptable reasonable scores).

Plaintiff objects to the notion that higher IQ scores are almost always valid.  (ECF No. 28-1 at 4).  Plaintiff also cites several reasons why the ALJ could have found that Plaintiff was not malingering including a statement from Dr. Brian Keith who conducted Plaintiff's final IQ test and who concluded that Plaintiff put forth optimal effort and did not malinger.  *Id.* at 4–5.  "It is not…[the court's] function to substitute [its] judgment for that of the Secretary if his decision is supported by substantial evidence."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  The court finds that the ALJ provided solid reasoning for his decision to rely on Plaintiff's first IQ score and the court is satisfied that the ALJ's determination at Step Three is supported by substantial evidence in the record.  Plaintiff's objections do not provide a basis from which the court could conclude otherwise.

---

[5] Wechsler Adult Intelligence Scale, Fourth Edition.

[6] While Plaintiff received verbal, performance, and full scale IQ scores for all of his IQ tests, the court only cites to the lowest score for each test in congruence with the Social Security regulations.  20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00D(6)(c) ("[W]here verbal, performance, and full scale IQs are provided in the Wechsler series, we use the lowest of these in conjunction with 12.05.").

## CONCLUSION

For the foregoing reasons, the court **ACCEPTS** the magistrate judge's Report and Recommendation (ECF No. 22). The court thereby **AFFIRMS** the Acting Commissioner's final decision.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Court Judge

March 29, 2014
Columbia, South Carolina